IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| DEVIN G. NUNES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-146-REP |
| | ) | |
| | ) | |
| WP COMPANY, LLC | ) | |
| d/b/a The Washington Post | ) | |
| et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, respectfully submits the following Memorandum in Opposition to the motion to transfer venue [*ECF No. 10*] filed by defendant, WP Company. LLC d/b/a The Washington Post ("WaPo"):

## I. INTRODUCTION

Title 28 U.S.C. § 1391 governs the venue in all civil actions brought in District Courts of the United States. Pursuant to § 1391(b)(1), a civil action may be brought in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located." Section 1391(b)(2) permits a civil action to be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred". WaPo concedes that it is subject to personal jurisdiction in

1

Virginia and that the United States District Court for Eastern District of Virginia is a proper venue for this action.[1]

Title 28 U.S.C. § 1404(a) provides that for the "convenience of the parties and witnesses" and "in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought."[2] Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In deciding whether to exercise this discretion, courts typically consider a number of factors, including: (1) the plaintiff's choice of forum, (2) witness convenience and ease of access to the sources of proof; (3) the convenience of the parties, and (4) the interests of justice. *See, e.g., Fitzgibbon v. Radack*, 597 B.R. 836, 842 (E.D. Va. 2019) (quoting *Trs. Of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)); *Heinz Kettler GmbH & Co. v. Razor USA, LLC*, 750 F.Supp.2d 660, 667 (E.D. Va. 2010).

A party seeking transfer bears the "heavy burden of showing that the balance of interests weighs strongly in [its] favor in a motion to transfer." *Arabian v. Bowen*, 966 F.2d 1441, at * 1 (4th Cir. 1992) (unpublished opinion) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")); *Fitzgibbon*, 597 B.R. at 841

---

[1] WaPo does not move to dismiss this action pursuant to Rule 12(b)(3).

[2] Plaintiff agrees that this action might have been brought in the United States District Court for the District of Columbia, where WaPo is subject to personal jurisdiction and, therefore, resides for purposes of 28 U.S.C. § 1391(b)(1).

("In fact, Radack must show that the balance of convenience among the parties and witnesses 'is beyond dead center, and strongly favors the transfer sought'") (quoting *Medicenters of America, Inc. v. T&V realty & Equip, Corp.*, 371 F.Supp. 1180, 1184 (E.D. Va. 1974)). When reviewing a motion to transfer under § 1404(a), the court must view all facts in the light most favorable to the party opposing transfer. *See, e.g., Innovative Communications Technologies, Inc. v. Vivox, Inc.*, 2012 WL 4738979, at * 4 (E.D. Va. 2012) ("[f]or the purposes of these motions [to transfer venue], the Court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'") (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

This matter is before the Court on WaPo's motion to transfer venue pursuant to 28 U.S.C. 1404(a). The Court has subject matter jurisdiction pursuant 28 U.S.C. 1332 (diversity). WaPo is subject to personal jurisdiction in Virginia. For the following reasons, WaPo has not met its heavy burden of showing that the District of Columbia would be a more convenient forum in this case. It motion must be denied.

## II.  BACKGROUND

This action arises out of an article published online in Virginia by WaPo, republished to millions of WaPo's followers on Twitter and Facebook in Virginia, and finally generally circulated in print to WaPo's subscribers and readers throughout the Eastern District of Virginia. Plaintiff is the Ranking Member of the House Permanent Select Committee on Intelligence (the "House Intelligence Committee"). The Committee oversees the United States national security apparatus, including the intelligence-related activities of seventeen agencies, departments, and other elements of the United States

Government, most of which are located in Virginia.³  Plaintiff alleges that he suffered substantial injury to his reputation in Virginia when WaPo published the defamatory article at issue in this action. [*ECF No. 1 ("Complaint"), ¶¶ 3, 8, 12*].

On February 20, 2020, WaPo published an article about Plaintiff written by Harris and others entitled, "**Senior intelligence official told lawmakers that Russia wants to see Trump reelected**" [https://www.washingtonpost.com/national-security/after-a-congressional-briefing-on-election-threats-trump-soured-on-acting-spy-chief/2020/02/20/1ed2b4ec-53f1-11ea-b119-4faabac6674f_story.html].  The article falsely attributed statements to Plaintiff and intentionally falsified several facts:  First the article falsely stated that "Devin Nunes told President Trump that Shelby Pierson had given the assessment (that 'Russia wants to see President Trump reelected, viewing his administration as more favorable to the Kremlin's interests') exclusively to Rep. Adam B. Schiff (D-Calif.), the chairman of the House Intelligence Committee" and "the lead impeachment manager, or prosecutor, during Trump's Senate trial on charges of abuse of power and obstruction of Congress".  Second, the article falsely states that "Trump's opinion [of acting Deputy of National Intelligence, Joseph Maguire] shifted last week when he heard from a Republican ally [Nunes] about the official's remarks".  Read in context and in its entirety, the defamatory gist of the WaPo article is that Plaintiff lied to and deceived the President of the United States, which caused the President to become "angry at his acting director of national intelligence, Joseph Maguire, in the Oval Office, seeing Maguire and his staff as disloyal for speaking to Congress about Russia's perceived preference", which "furious response" "ruined Maguire's chances of becoming

---

³ The focus of the WaPo article in on one of those agencies: the Office of the Director of National Intelligence ("ODNI").  ODNI is located in Virginia.

the permanent intelligence chief". The WaPo Hit Piece was instantly republished millions upon millions of times, including by WaPo's many employees and agents in the ordinary course of WaPo's business, by CNN and its agents, by MSNBC and its agents, by Politico and its agents in Virginia, by political operatives in Richmond, Virginia, and by many others in Virginia [*Complaint, ¶ 15*]. In addition to those in Virginia who read and republished the WaPO Hit Piece on Plaintiff, other witnesses at the center of this case, including Shelby L. Pierson and Joseph Maguire, live in Virginia. [*See, e.g.,* https://www.workingmother.com/shelby-l-pierson].

### III.  DISCUSSION

**A.  *Plaintiff's Choice of Forum***

The first factor in the transfer analysis is the plaintiff's choice of venue. "That choice is typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." *Heinz Kettler*, 750 F.Supp.2d at 667 (quoting *Koh v. Microtek Intern., Inc.*, 250 F.Supp.2d 633, 637 (E.D. Va. 2003)). A plaintiff filing suit in a district where he is not a resident "loses **only some** of the deference given [his] choice of venue." *Eastern Scientific Marketing, Inc. v. Tekna-Seal, Inc.*, 696 F.Supp. 173, 179 (E.D. Va. 1988) (emphasis added); *id. Samsung Electronics Co., Inc. v. Rambus, Inc.*, 386 F.Supp.2d 708, 716 (E.D. Va. 2005) even when plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, "the plaintiff's choice of forum is certainly a relevant consideration so long as there is a connection between the forum and the plaintiff's claim that reasonably and logically supports the plaintiff's decision to bring the case in the chosen forum."). Unlike defendant WaPo in this case, the defendant in *Rambus* did not

agree that a substantial part of the events that gave rise to the claims asserted in Samsung's complaint occurred in the Eastern District of Virginia.  The Court found as follows:

> "Considering Samsung has neither its headquarters nor its principal place of business in this district, but that some of the factual nexus for the claims asserted in the FAC occurred in this district, it is appropriate neither to accord Samsung's choice of forum great weight nor to unduly minimize that election.  Instead, Samsung's choice of forum will be respected as legitimate and will be considered in striking the balance respecting transfer."

386 F.Supp.2d at 716-717.

In this case, even though Plaintiff is a citizen of California, there is a substantial factual nexus to the forum that logically supports Plaintiff's decision to bring the case here.  The complaint highlights the fact that Plaintiff is Ranking Member of the House Intelligence Committee.  He works at the Capitol within a few minutes' drive of Virginia.  He oversees the intelligence community, including ODNI which is located in Virginia.  The defamatory gist of the WaPo article is that Plaintiff lied to the President and got the acting Director of National Intelligence, Joseph Maguire, fired.  The core focus of the article is upon Plaintiff in his capacity as Ranking Member of the House Intelligence Committee, and, next to Plaintiff, the persons most directly affected by WaPo and Harris's scandalous statements are Shelby Pierson and Joseph Maguire, both of whom live in Virginia.  Virginia also bears a substantial relation to the cause of action in this defamation case.  WaPo concedes that "a substantial part of the events or omissions giving rise to the claim" occurred in this District and that venue is proper, therefore, under 28 U.S.C. § 1391(b)(2).  Here, as in *Keaton v. Hustler Magazine, Inc.*, false statements caused substantial harm in Virginia, where the statements were circulated by WaPo and its agents, and republished millions of times by third-parties, including

Politico and political operatives *in Richmond, Virginia*. 465 U.S. 770, 777 (1984) ("The tort of libel is generally held to occur wherever the offending material is circulated. Restatement (Second) of Torts § 577A, Comment a (1977). The reputation of the libel victim may suffer harm even in a state in which he has hitherto been anonymous. The communication of the libel may create a negative reputation among the residents of a jurisdiction where the plaintiff's previous reputation was, however small, at least unblemished."); *compare Fitzgibbon*, 597 B.R. at 842 (noting that "the effects of the allegedly defamatory remarks were felt in this forum").

Accordingly, the first factor – Plaintiff's choice of forum – heavily weighs against transferring the case to the District of Columbia.

**B.      *Convenience of the Parties***

The second factor in the analysis is the convenience of the parties. As to this factor, Court courts typically consider "ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process." *Heinz Kettler*, 750 F.Supp.2d at 668 (quoting and citing *Rambus, Inc.*, 386 F.Supp.2d at 717 fn. 13)). Convenience to parties alone will rarely justify transfer, particularly where, as here, transfer would merely "shift the balance of inconvenience" from one side to the other. *See, e.g., Eastern Scientific Marketing*, 696 F.Supp. at 180. The first point to consider in assessing party convenience is generally the parties' respective residences. *See Fitzgibbon*, 597 B.R. at 842; *JTH Tax, Inc. v. Lee,* 482 F.Supp.2d at 738. But "residence is not a controlling factor and may be outweighed in the context of a particular case by countervailing considerations relevant to the convenience of the witnesses and the

interest of justice." *Fitzgibbon*, 597 B.R. at 842 (quoting 15 Fed. Prac. & Proc. Juris. § 3849 (4th ed.)).

Here, WaPo concedes that it is subject to personal jurisdiction in Virginia and admits that venue is proper in this District. Given its continuous and systematic contacts with Virginia and its vast world-wide reach and resources, WaPo fails to show how or why this forum is inconvenient to it. Indeed, it appears that this forum is convenient to WaPo when it feels like it, such as when WaPo wants to intervene in a high-profile case. [*See, e.g., United States v. McDonnell*, Case 3:14-cr-12-JRS (Document 351 – Motion to Intervene and Vacate Sealing Order)]. In the end, to transfer this case to the District of Columbia would accomplish absolutely nothing more than merely shifting the balance of inconvenience to the Plaintiff. *See, e.g., VS Techs., LLC v. Twitter, Inc.*, 2011 WL 11074291, at * 7 (E.D. Va. 2011) ("transfer is inappropriate where it robs a plaintiff of his chosen forum and merely shifts the balance of inconvenience from defendant to plaintiff."). Further, WaPO is a highly sophisticated media company that does substantial business throughout Virginia, including here in the Eastern District. WaPO has not demonstrated that it will be difficult in any way to transport, transmit electronically, or produce any necessary documentary evidence in Virginia. *See, e.g., Titan Atlas Mfg. Inc. v. Sisk*, 2011 WL 3365122, at * 17 (W.D. Va. 2011) (noting that "in modem litigation, documentary evidence is readily reproduced and transported from one district to another" and finding defendants failed to demonstrate that their documentary evidence would be so voluminous as to create a great burden on them).

Accordingly, this factor does not strongly weigh in favor of transferring the case to the District of Columbia. Indeed, it militates in favor of keeping the case here in Virginia.

**C.    *Witness Convenience***

The third factor is witness convenience. Courts have recognized that this factor is "of considerable importance" in the transfer analysis. *Rambus*, 386 F.Supp.2d at 718. As a general matter, however, "a distinction is drawn between party and non-party witnesses." *Id.* "[C]ourts have repeatedly emphasized that in considering whether to transfer a case under 28 U.S.C. § 1404(a), the inconvenience to a party witness is not afforded the same weight as the inconvenience to non-party witnesses." *USA Labs, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 2009 WL 1227867, at * 4 (E.D. Va. 2009). While party witnesses are presumed to be more willing to testify in a different forum, there is no such presumption for non-party witnesses. *Rambus*, 386 F.Supp.2d at 718.

The party asserting witness inconvenience must offer "sufficient details respecting the witnesses and their potential testimony, by affidavit or otherwise, to enable the Court to assess the materiality of evidence and the degree of inconvenience." *Rambus*, 386 F.Supp.2d at 718 (quoting *Koh*, 250 F.Supp.2d at 636)); *id. Williams v. Big Picture Loans, LLC*, 2020 WL 1879675, at * 4 (E.D. Va. 2020) ("It is settled law in this district, indeed everywhere, that the party seeking transfer must support its motion with **strong evidence** of convenience and inconvenience. As a general proposition this Court has long required, detailed evidence which would help analyze the issue of the difficulties that the parties face has to be provided.") (emphasis added). To satisfy its burden that a

9

forum is inconvenient for witnesses, a movant must provide particularized information of a witness's potential testimony, how that testimony is material and non-cumulative, or the degree to which it will be inconvenient to access that testimony in this district. *Fitzgibbon*, 597 B.R. at 843 (citing *Koh*, 250 F.Supp.2d at 636-637)). Additionally, the moving party must demonstrate "whether that witness is willing to travel to a foreign jurisdiction". *Rambus*, 386 F.Supp.2d at 719 (quoting *Thayer/Patricof Education Funding, LLC v. Pryor Resources, Inc.*, 196 F.Supp.2d 21, 33 (D. D.C. 2002)).

The burden of showing that the forum is inconvenient for witnesses is upon WaPo. Like the defendant in *Rambus*, WaPo has failed to carry its burden. *See Rambus*, 386 F.Sup.2d at 719 ("Rambus points to the fact that many of its key party witnesses reside within the Northern District of California, and Rambus contends that their convenience would be served by a transfer to the Northern District of California. While this is no doubt true, Rambus has not shown that these witnesses, in fact, would not travel to this district to testify, if Rambus requested them to do so and paid their expenses"). WaPo proffers no information that **_any_** witness located in or around the District of Columbia, including Harris, will be burdened by having to travel to Richmond, Virginia, for trial. Significantly, Harris's declaration [*ECF No. 11-3*] makes no mention of inconvenience of any kind. WaPo has also failed to provide any substantive information about its witnesses' expected testimony. *Compare Wenzel v. Knight*, 2015 WL 222179, at * 3 (E.D. Va. 2015) ("Rather than specify witnesses and the materiality of their testimony, the defendants make a fleeting reference to David Lerner Associates and a non-specific assertion that 'many non-party witnesses are located' in the Eastern District

10

of New York.").[4]  Plaintiff identifies material witnesses in Virginia (Pierson, Maguire, @RVAwonk a/k/a Caroline Orr).  As in *Fitzgibbon*, transferring the case to the District of Columbia will essentially benefit WaPo at the expense of Plaintiff.  So, this factor weighs in favor of Plaintiff. *Fitzgibbon*, 597 B.R. at 844; *Board of Trustees v. Baylor Heating and Air Conditioning, Inc.*, 702 F.Supp. 1253, 1258 (E.D. Va. 1988) ("Where "the original forum is convenient for plaintiff's witness, but inconvenient for defendant's witnesses, and the reverse is true for the transferee forum ... transfer is inappropriate because the result of transfer would serve only to shift the balance of inconvenience."); *see id. Vape Guys, Inc. v. Vape Guys Distribution, Inc.*, 2020 WL 1016443, at * 20 (E.D. Va. 2020) ("Similar to the second factor, the Court will not transfer the balance of inconvenience from Defendant to Plaintiff.").

WaPo also does not indicate that witnesses, including Harris, cannot travel to Virginia or that videotape depositions will not suffice. *See Mullins*, 2006 WL 1214024 at * 8 ("[T]he moving party must demonstrate whether that witness is willing to travel to a foreign jurisdiction.") (internal quotation marks omitted).  Moreover, "merely asserting that a witness lives outside the subpoena power of the court is not enough to tip the scales in favor of transfer." *Rockingham Precast, Inc. v. America Infrastructure-Maryland, Inc.*, 2011 WL 5526092, at * 4 (W.D. Va. 2011); *Mullins*, 2006 WL 1214024 at * 8 ("Merely stating that potential witnesses reside beyond a forum's subpoena power does little to assist the court in weighing the convenience of the witness and the necessity of

---

[4]  Unlike this case, in *Thorpe v. Virginia Department of Corrections*, the defendants submitted an affidavit in support of their request for a transfer that provided specific detail as to why specific non-party witnesses would be substantially inconvenienced by having to travel "368 miles" to the federal courthouse in Richmond. 2020 WL 1930036, at * 11-12 (E.D. Va. 2020).

11

compulsory process."). Again, "[w]ithout evidence that these witnesses are unwilling to testify voluntarily, this factor becomes less important." *Rockingham Precast*, 2011 WL 5526092 at * 4. Although live testimony is the preferred mode of presenting evidence, videotaped depositions often are sufficient. *Mullins*, 2006 WL 1214024 at * 8. "Somewhat less weight is given to witness inconvenience when a party is unable to demonstrate with any particularity that videotaped deposition testimony will be inadequate, and that live testimony is critical." *Id.* In this case, WaPo makes no attempt to argue that video depositions would be inadequate.

Overall, the third factor does not strongly weigh in favor of transferring the case to the District of Columbia.

**D.** *Interests of Justice*

The final factor in the transfer analysis is the interest of justice, which "encompasses public interest factors aimed at systematic integrity and fairness." *Byerson v. Equifax Info. Servs., LLC*, 467 F.Supp.2d 627, 635 (E.D. Va. 2006). Relevant considerations include: the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of an unfair trial, the ability to join other parties, the possibility of harassment, the pendency of a related action, and the interest in having local controversies decided at home. *Fitzgibbon*, 597 B.R. at 844 (citing *Koh*, 250 F.Suppp.2d at 639)).

The interests of justice would be served by litigating this case in Virginia. First,

12

even if the substantive law of the District of Columbia[5] applies to this case, WaPo has failed to explain whether that law is substantially different from Virginia law. WaPo has not shown a material difference in the law of the two Districts that controls Plaintiff's defamation claim. Actually, it appears that the law is the same. Under Virginia law, the elements of defamation are "(1) publication of (2) an actionable statement with (3) the requisite intent." *Tharpe v. Saunders*, 285 Va. 476, 737 S.E.2d 890, 892 (2013); *Tronfeld v. Nationwide Mutual Insurance Company*, 272 Va. 709, 713, 636 S.E.2d 447 (2006) (defamatory words are actionable *per se* when they (1) impute to a person the commission of a crime involving moral turpitude or which is punishable by imprisonment in a state of federal institution, (2) impute to a person an "unfitness to perform the duties of a job or a lack of integrity in the performance of the duties", or (3) prejudice a person in his profession or trade) (citing *Fleming v. Moore*, 221 Va. 884, 889, 275 S.E.2d 632 (1981)). A defamation claim brought under District of Columbia law requires: "(1) a false and defamatory statement; (2) published without privilege to a third party; (3) made with the requisite fault; and (4) damages." *Arpaio v. Zucker*, 414 F.Supp.2d 84, 89 (D. D.C. 2019) (quotations and citations omitted). Further, WaPo has not shown why this

---

[5] WaPo's assertion that California law applies is flat wrong. *See, e.g., ABLV Bank v. Ctr. for Advanced Def. Studies Inc.*, 2015 WL 12517012, at * 1 (E.D. Va. 2015) ("[F]or libel claims, Virginia looks to where the statement was published.") (cited in *Cockrum v. Donald J. Trump for President, Inc.*, 365 F.Supp.3d 652, 669 (E.D. Va. 2019)). In this case, Plaintiff alleges that publication occurred in Virginia, where WaPo published the defamatory article and where Plaintiff suffered substantial injury. *Compare Depp v. Heard*, Case No. CL-2019-2911 (Fairfax Cir. 2019) (Letter Opinion, pp. 8) ("the place of the wrong in this case is the place where the act of publication of Ms. Heard's Op-Ed to the internet occurred … [T]he Op-Ed was then published on *The Washington Post's* website at Ms. Heard's instruction … *The Washington Post's* online edition is 'created on a digital platform in Virginia and routed through servers in Virginia … Using the servers located in Springfield, Virginia, *The Washington Post* posed it to the internet"). A copy of the Curt's unreported decision in *Depp v. Heard* is attached as <u>Exhibit "A"</u>.

Court would be unable to apply the substantive law of the District of Columbia. Indeed, there is nothing unique about Plaintiff's substantive claims that would make it difficult for any district court to apply the governing law. *See Kentucky Fuel Corp. v. Summit Engineering, Inc.*, 2013 WL 6145746, at * 2 (W.D. Va. 2013) ("It is likely that because the performance of the instant contract occurred entirely in Kentucky, this court would be bound to apply Kentucky law … There is no indication, however, that Kentucky law is sufficiently unusual or obscure in this case as to limit the ability of this court to properly and fairly determine it."). In this action, the fact that D.C. substantive law may apply does not tip the scales in favor of transfer. *See T. and B. Equipment Co., Inc. v. RI, Inc.*, 2015 WL 5013875, at * 5 (E.D. Va. 2015) (denying motion to transfer, where defendant asserted that transfer was appropriate because it was domiciled in New York and had its principal place of business in New York, and the contract at issue was governed by New York law). Second, although not dispositive, the "relative docket conditions" of the Eastern District of Virginia and the District of Columbia do not favor transfer. *See Wenzel*, 2015 WL 222179, at * 5. Dockets are far more congested in the District of Columbia. The median time from filing to trial in the District of Columbia is 42.5 months, compared with 12.5 months in the Eastern District of Virginia. [https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2019.pdf;]. Third, as in *Fitzgibbon*, WaPo has not forecast the need for a visit to any relevant location, and there is no other interest of justice that is relevant to the transfer issue. Finally, in weighing all the factors, the District of Columbia does not provide a better or more convenient forum for the parties and witnesses as a whole. In *Nelson v. Tidal Basin Holding, Inc.*, Judge Urbanski explained as follows:

14

> "As the Complaint makes clear, the subject matter of this case relates to forums all over the country. Nelson alleges a nationwide collective action. He and the putative collective action members performed services all over the country, as defendants provide services across the country. Given that members of this action and witnesses to the members' work will come from all over the country, Nelson's desired forum in the Southern District of Texas provides a no more convenient forum than any other in the nation. *See Dean Foods Co. v. Eastman Chemical Co.*, 2000 W: 1557915, at * 4 (N.D. Ill. 2000) (concluding that, when witnesses would be called from many different states, convenience of the witnesses neither favored nor disfavored transfer)."

2019 WL 6107862, at * (3 (W.D. Va. 2019).

Viewing the facts in the light most favorable to Plaintiff, and resolving all issues in Plaintiff's favor, this dispute should be litigated in Virginia.

## CONCLUSION

WaPo has failed to fulfill its heavy burden of proving that a transfer is warranted. In this case, the factors are not even close to "dead center". Rather, they militate ***against*** transfer.

For the reasons stated above, the Court should deny WaPo's motion to transfer.

DATED:   April 23, 2020

DEVIN G. NUNES

By:   */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:   (202) 318-4098
Email:   stevenbiss@earthlink.net

*Counsel for the Plaintiff*

15

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendants and all interested parties receiving notices via CM/ECF.

                        By:   */s/ Steven S. Biss*
                              Steven S. Biss (VSB # 32972)
                              300 West Main Street, Suite 102
                              Charlottesville, Virginia 22903
                              Telephone:  (804) 501-8272
                              Facsimile:   (202) 318-4098
                              Email:        **stevenbiss@earthlink.net**

                              *Counsel for the Plaintiff*