UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEVIN G. NUNES,

        Plaintiff,

v.

WP COMPANY LLC,
D/B/A THE WASHINGTON POST,
AND SHANE HARRIS,

        Defendants.

Case No. 1:20-cv-01403-APM

## SUPPLEMENTAL BRIEF OF THE WASHINGTON POST

On March 2, 2020, Plaintiff Devin G. Nunes filed this two-count action against the Washington Post and its reporter Shane Harris in the Eastern District of Virginia. *See* Compl., ECF No. 1. The Post responded on March 26, 2020, with: (1) a Motion to Transfer the matter to the District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a), *see* ECF No. 10; and (2) a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), *see* ECF No. 8. On May 22, 2020, Judge Payne granted the Post's transfer motion and ordered the matter, including the Post's pending Motion to Dismiss, transferred to the District of Columbia. *See* ECF Nos. 19 & 20. On May 27, 2020, this Court issued a Minute Order that invited either side to "supplement its motion to dismiss papers with controlling D.C. Circuit caselaw or persuasive authority from this District Court." Minute Order, May 27, 2020.

The Post's prior briefing cited case law from the D.C. Circuit and from this Court that supports dismissal under Rule 12(b)(6) on three alternative grounds: (1) the Complaint fails to allege a false and defamatory statement or implication; (2) the Complaint fails to allege facts to establish that the Post acted with actual malice; and (3) Rep. Nunes failed to comply with the

California Retraction Statute.  *See* Post Mem., ECF No. 9, 7-26.  The Post offers this short

submission to explain why D.C. Circuit decisions qualify as controlling authority as to certain of

the Post's arguments for dismissal, and to identify the controlling D.C. Circuit cases and persuasive

D.C. District Court cases.

First, Rep. Nunes has failed to state a claim upon which relief can be granted because he

cannot allege that the Article on its face, considered in context, contains affirmative indications

that could permit a reader reasonably to conclude that the Post intended the defamatory implication

that he claims the Article conveys.[1]  *See* Post Mem. 9-12; *see also White v. Fraternal Order of*

*Police*, 909 F.2d 512, 520 (D.C. Cir. 1990) (cited at Post Mem. 9-10).  Because courts hold that

this rule of law derives from speakers' free speech rights under federal law—namely, the First

Amendment—the *White* case is controlling in this Circuit.

In *White*, the D.C. Circuit held that a plaintiff alleging a defamatory inference based on

materially true facts may defeat a Rule 12(b)(6) motion to dismiss only if the publication itself

"supplies additional, affirmative evidence suggesting that the defendant *intend[ed] or*

*endorse[ed]* the defamatory inference."  909 F.2d at 520.  The necessary "affirmative evidence"

must be evident "in the text of the article[ ] to suggest that it would be reasonable for a reader to

conclude that the [publisher] intended the defamatory inference."  *Id*. at 526.  In reaching that

conclusion, *White* relied on the analysis of the Eighth Circuit in *Janklow v. Newsweek, Inc.*, 759

F.2d 644, 648-49 (8th Cir. 1985), *reheard on other grounds*, 788 F.2d 1300 (8th Cir.) (en banc),

which *White* said offered a "cogent example of the limits of defamation by implication regarding

---

[1] The Post also argued in its opening brief that Rep. Nunes has failed to allege a defamatory
statement.  *See* Post. Mem. at 9-10.  Because the absence of such an allegation is clear from the
Complaint itself, this Supplemental Memorandum focuses on the law that concerns an allegedly
defamatory implication arising from materially true facts.

materially true reports."  909 F.2d at 520.  *Janklow*, in turn, based its holding on the ground that "the publication of a materially true statement is constitutionally protected."  759 F.2d at 649.

Courts following *White* agree that its requirement derives from the U.S. Constitution.  *See, e.g.*, *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993).  As the Fourth Circuit explained in *Chapin*, "*[b]ecause the constitution provides a sanctuary for truth*, a libel-by-implication plaintiff must make an especially rigorous showing where the expressed facts are literally true."  *Id.* at 1092-93 (citing *White*, 909 F.2d at 520) (emphasis added) (footnote omitted).  The District Court in *Tah v. Global Witness Publishing, Inc.*, 413 F. Supp. 3d 1 (D.D.C. 2019), recently underscored the rule's constitutional moorings.  *Id.* at 8.  Because the requirement of an "especially rigorous showing" that the publisher "intend[ed] or endorse[d] the defamatory inference" derives from "the Constitution," it controls this case, regardless of the transfer or what state law applies.  *See id.* (citing *White*, 909 F.2d at 520, and *Chapin*, 993 F.2d at 1093); *see also Chapin*, 993 F.2d at 1093.

Second, the Complaint should be dismissed because Rep. Nunes has failed to plausibly allege that the Post acted with actual malice.  *See* Post Mem. 12-17.  This argument also sounds in the First Amendment.  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).  In its prior briefing, the Post cited extensive authority from both the Supreme Court and this Circuit in support of its actual malice argument.  *See* Post Mem. 12-17 (citing cases including *N.Y. Times Co.*, 376 U.S. 254; *St. Amant v. Thompson*, 390 U.S. 727 (1968); *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106 (D.C. Cir. 2017); *McFarlane v. Esquire Mag.*, 74 F.3d 1296 (D.C. Cir. 1996); *Arpaio v. Zucker*, 414 F. Supp. 3d 84 (D.D.C. 2019); *Fairbanks v. Roller*, 314 F. Supp. 3d 85 (D.D.C. 2018); *OAO Alfa Bank v. Ctr. for Pub. Integrity*, 387 F. Supp. 2d 20 (D.D.C. 2005); *Parisi v. Sinclair*, 845 F. Supp. 2d 215 (D.D.C. 2012); and *Parsi v. Daioleslam*, 890 F. Supp. 2d 77 (D.D.C. 2012)).

Applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts in this district, including this Court, have routinely dismissed public-official or public-figure defamation claims for failure adequately to plead actual malice.  *E.g. Arpaio v. Cottle*, 404 F. Supp. 3d 80, 84-85 (D.D.C. 2019) (citing *Deripaska v. Associated Press*, 282 F. Supp. 3d 133, 149 (D.D.C. 2017) and *Hourani v. Psybersolutions LLC*, 164 F. Supp. 3d 128, 145 (D.D.C. 2016)).

Third, the Complaint should be dismissed because Rep. Nunes failed to comply with the California retraction statute and has failed to plead special damages with the necessary specificity. *See* Post Mem. 22-26.  The Court is to apply Virginia's choice of law rules following the transfer. *See Republican Nat'l Comm. v. Taylor*, 299 F.3d 887, 890 (D.C. Cir. 2002) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 518-19 (1990)).  Under Virginia choice of law analysis, California law applies to the case, and Rep. Nunes failed to comply with the California retraction statute. *See* Post Mem. 17-24.  Therefore, he is limited to special damages, which, under Federal Rule of Civil Procedure 9(g), must be "specifically stated."  Fed. R. Civ. P. 9(g); *see e.g., Smith v. Clinton*, 886 F.3d 122, 128 (D.C. Cir. 2018) (affirming dismissal because plaintiff had not adequately pled special damages through "boilerplate recitation" of pecuniary damage and injury to reputation); *3M Co. v. Boulter*, 842 F. Supp. 2d 85, 118 (D.D.C. 2012) (dismissing injurious falsehood claim because plaintiff had not adequately pled special damages through conclusory allegations of harm).[2]

---

[2] Rep. Nunes's conspiracy count rests on the same grounds as the underlying defamation count. The Post also seeks dismissal of that count for the same reasons.  *See* Post Mem. 26-28 & n. 14 (citing *Farah v. Esquire Mag.*, 736 F.3d 528, 540 (D.C. Cir. 2013)).

Dated:  June 10, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:     /s/ *Kevin T. Baine*

Kevin T. Baine
Thomas G. Hentoff
Nicholas G. Gamse

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Counsel for WP Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2020, I caused a true and correct copy of the foregoing

Supplemental Brief of the Washington Post to be served on counsel of record via the Court's

CM/ECF system, email, and USPS.


/s/ *Kevin T. Baine*
*Counsel for WP Company LLC*